

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

ERIC WENDLANDT,

    Plaintiff

1:19-cv-736
Paul L. Maloney
United States District Judge

v.

Case No. _____

Honorable _____

**DEMAND FOR JURY TRIAL**

Chase Bank, JP Morgan & affiliates

207 Park Avenue

New York, New York

10017,

    Defendant(s)

## COMPLAINT & DEMAND FOR JURY TRIAL

### Jurisdiction

1. The above-referenced Court has jurisdiction under the Federal Debt Collection Practices Act (herein referred to as 'FDCPA' pertaining to all relevant components of 15 U.S.C. 1692), the Telephone Consumer Protection Act (herein referred to as the 'TCPA' and all of its relevant sections), 47 U.S.C. 227 and 28 U.S.C. 1331, 1337 and all relevant prongs of the TCPA).

1

2. This Honorable Court, in its discretion, may opt to exercise jurisdiction over state-law related claims arising out of the same set of facts that give rise to the federal-law claims.

## Parties

3. The Plaintiff in this suit is Mr. Eric Wendlandt, (herein referred to as 'Wendlandt'). Wendlandt resides in Kent County, Michigan.

4. Defendant(s) are:

    a. Chase Bank (herein referred to as 'Chase') and any & all entities including but not limited to Chase Manhattan Bank, JP Morgan Chase, Chase Manhattan Mortgage, et. al.
    b. Chase is a foreign entity doing business in Michigan.

## Venue

5. Defendant Chase's violations of federal and state law occurred in Kent County, Michigan.

6. Plaintiff Wendlandt resides in Kent County, Michigan.

7. Venue is proper in Kent County, Michigan.

## Facts & Allegations

8. In or around January 2018, Wendlandt started receiving telephonic communications from an automatic dialing system demanding payment from Chase bank for an alleged debt Chase bank was attempting to collect from Wendlandt (herein referred to as 'alleged debt').

9. Without consent, the unwanted, auto dialed, non-compliant communications from Chase to Wendlandt occurred via multiple phone numbers that differed with each communique.

10. Wendlandt, from January 2018 to the present date has no debt obligations nor any debt(s) to Chase bank or any of its affiliates.

11. In response to the debt collection attempts in 2018, Wendlandt called and wrote Chase Bank multiple times notifying Chase that Wendlandt has no debt due to Chase.

12. In January & April of 2019, Wendlandt again wrote Chase Bank asking to cease and desist collection attempts.

13. Wendlandt asked Chase to validate the debt to which there was no response from Chase. On both validation requests, Chase Bank failed to provide the amount of the alleged debt, name of true creditor, nor allow a 30-day period in which to respond. Chase failed to respond to any validation of debt requests from 2018 to the present date.

14. Presently, Wendlandt received 152 collection communications from Chase Bank attempting to collect the alleged debt via random VoIP telephone numbers.

15. Wendlandt never consented to Chase's unauthorized collection demands.

16. Wendlandt incurred charges as a result of Chase's 152 unauthorized collection efforts.

17. If it has standard operating procedures, Chase Bank failed to adhere to any of its own standard operating procedures and practices pursuant to the collection of legitimate debt(s) owed.

18. Despite Wendlandt's demands to cease and desist collecting and his requests to validate the alleged debt, Chase continued collection efforts.

19. Wendlandt attempted to settle his matter through email and letters. Chase Bank's representatives did not respond whatsoever to settlement talks.

### COUNT I- TCPA, 47 U.S.C. 227 and 47 C.F.R. 16, 1200 *et seq.*

20. Plaintiff Wendlandt incorporates all the preceding facts & allegations by reference.

21. A primary function of Chase Bank is to collect consumer debts using various communication methods such as the US mails, telephone calls, texts, electronic mail, etc.

22. At all times, Chase Bank used electronic, automated telephonic systems to attempt to collect the alleged debt. These systems are clearly defined under the TCPA, specifically 47 U.S.C. 227 (a)(1) and 47 C.F.R. 64.1200(f)(1).

23. At all times, Chase Bank made collection calls and texts directly to Wendlandt's wireless phone. Chase Bank's 152 communications were sent at all hours, days, nights and weekends as is evidenced on Wendlandt's wireless billing(s).

24. Wendlandt incurred charges as a result of Chase's 152 unauthorized collection requests.

25. Wendlandt never gave consent to Chase Bank, its affiliates nor any other creditor to contact him on his wireless telephone.

26. Not only were these violations willful, they continued for years despite Wendlandt's written and telephone communiques to Chase Bank asking Chase to cease and desist collecting. Chase blatantly continued to violate after being notified by Wendlandt. Chase's non-compliance indicates a pattern of abusive collection practices.

27. Wendlandt suffered damages as a result of Chase Bank's violations of the TCPA.

## COUNT II- FDCPA, 15 U.S.C. 1692 *et. seq.*

28. Plaintiff Wendlandt incorporates all the preceding facts & allegations by reference.

29. At all times, Chase Bank was and is engaged in the collection of consumer debts.

30. Wendlandt is defined as a 'consumer' according to the FDCPA.

31. Chase Bank is a 'debt collector' as defined in the Fair Debt Collection Practices Act ('FDCPA'), 15 U.S.C. 1692a (6).

32. At all times, Chase Bank attempted to collect on the alleged (consumer) debt from Wendlandt.

33. Wendlandt incurred charges as a result of Chase's 152 unauthorized collection requests.

34. Wendlandt never gave consent to Chase Bank, its affiliates nor any other creditor to contact him on his wireless telephone.

35. In so doing, Chase Bank violated multiple prongs of the FDCPA including but not limited to 15 U.S.C. 1692c; 1692d; 1692e; and 1692g.

36. Not only were these violations willful, they continued for years despite Wendlandt's written and telephone communiques to Chase Bank asking Chase to cease and desist via telephonic collecting. Chase blatantly continued to violate the TCPA despite being notified by Wendlandt. Chase's non-compliance demonstrates a pattern of abusive collection practices.

37. Wendlandt suffered damages as a result of Chase Bank's willful, continuous and abusive violations of the FDCPA.

### COUNT III- MICHIGAN COLLECTION PRACTICES ACT ('MCPA')

38. Plaintiff Wendlandt incorporates all the preceding facts & allegations by reference.

39. Chase Bank, its affiliates and related entities are considered "regulated persons" as defined by the Michigan Collection Practices Act (herein referred to as the 'MCPA'), M.C.L. 445.251(g).

40. Chase Bank violated the MCPA by attempting to collect the alleged debt. See M.C.L. 445.252.

41. Wendlandt never gave consent to Chase Bank, its affiliates nor any other creditor to contact him on his wireless telephone.

42. Wendlandt incurred charges as a result of Chase's 152 unauthorized collection requests.

43. Said violations were willful, continuous and demonstrate a pattern of abusive collection practices.

44. Wendlandt suffered damages as a result of Chase Bank's violations of the MCPA.

### COUNT IV- MICHIGAN OCCUPATIONAL CODE ('MOC')

45. Plaintiff Wendlandt incorporates all the preceding facts & allegations by reference.

46. Chase Bank is a collection firm as defined by the MOC, M.C.L. 339.901(f).

47. Plaintiff Wendlandt is a debtor as defined by the MOC, M.C.L. 339.901(f).

48. Chase Bank's illegal actions in attempting to collect the alleged debt violated the MOC, specifically M.C.L. 339.915 and 339.918.

49. Wendlandt never gave consent to Chase Bank, its affiliates nor any other creditor to contact him on his wireless telephone.

50. Wendlandt incurred charges as a result of Chase's 152 unauthorized collection requests.

51. These violations were continuous, willful and demonstrate a pattern of abusive collection practices.

52. Wendlandt suffered damages as a result of Chase Bank's willful violations of the MOC.

## Demand for Jury Trial

53. Plaintiff Wendlandt respectfully requests a trial by jury.

## Request for Judgement for Relief

54. Plaintiff Wendlandt respectfully requests this Honorable Court award:

    a. Actual damages including emotional distress, anxiety, mental trauma, frustration and depression

    b. Statutory damages

    c. Treble damages, where applicable, for a pattern of abusive practices

    d. Costs, fees, legal/paralegal fees and attorney consultation fees

Respectfully Submitted,

ERIC WENDLANDT, *in pro per*

6699 Avonlea Court SE

Grand Rapids, MI  49546-6616

Dated:  06 September 2019

6

## PROOF OF SERVICE

I, Eric Paul Wendlandt served Chase Bank, JP Morgan, et. al. said Complaint dated 06 September 2019 via First Class US mail on 06 September 2019 to Chase's corporate headquarters located at:

Chase Bank, JP Morgan, et. al.

270 Park Avenue

New York, New York

10017

_____

Eric Paul Wendlandt

6699 Avonlea Court SE

Grand Rapids, MI  49546-6616

ericwendandt5@gmail.com

Dated:  06 September 2019